THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-382-D

| | |
|---|---|
| MATT GRAVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER AND |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| WAKE COUNTY SOUTH ) | |
| WILMINGTON STREET CENTER, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiff's *pro se* application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) [DE-1] and for frivolity review. Matt Graves ("Plaintiff") is unemployed and has no income. Accordingly, he has demonstrated appropriate evidence of inability to pay the required court costs and his application to proceed *in forma pauperis* is allowed.

Notwithstanding the determination that a plaintiff is entitled to *in forma pauperis* status, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

*Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Notwithstanding, the Court is not bound to accept the truth of the pleadings and may dismiss claims which are based on

wholly irrational or incredible factual allegations. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992). But absent such fantastic claims, the "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in favor of the plaintiff." *Id.* at 32.

After careful review of Plaintiff's Complaint [DE-1-1], and giving due consideration to Plaintiff's *pro se* status, the Court concludes that Plaintiff's complaint is frivolous.[1] Plaintiff filed this suit against the Wake County South Wilmington Street Center ("the Center"), alleging "civil rights violations as well as [the] human rights violation of attempted murder." Pl.'s Compl. at 2. In his complaint, Plaintiff asserts that the Center "attempted murder through chemical food poisoning." *Id.* He believes that the Center attempted to kill him with cleaning products which "tasted carcinogen-like." *Id.* at 1. He also appears to assert claims against various other states and counties for similar conduct, claiming that this is the eighth time that he has experienced a food poisoning issue. *Id.* at 3. He also complains more generally of the poor food quality at the Center and his resulting loss of a place to live. *Id.* at 1. Plaintiff asserts that if he were to die of chemical food poisoning that it would be this Court's fault for its failure to respond to this case and close the Center down. *Id.* at 3. He also complains, among other things, of a lack of police and FBI involvement in his case, as well as the "serial-killer like" murder of his dog. *Id.*

As a result of the foregoing allegations, Plaintiff requests that the Court close down the Center for "endangering the lives of 360 homeless individuals daily with poor food quality." *Id.* at 2. Plaintiff also seeks relief in the form of "legal custody protection under the FBI or CIA" as well as financial damages of $1,710,000.00. *Id.* at 4.

---

[1] Plaintiff filed a nearly identical action, *Graves v. Wake County South Wilmington Street Center*, 5:10-cv-352-D, two weeks prior to this action. The Court also recommended dismissal of Plaintiff's other action.

2

Based on the allegations made in the complaint, the Court finds no basis for Plaintiff's claims against the named defendant. While Plaintiff generally alleges numerous hardships, the Court finds that Plaintiff has failed to state any claim cognizable in Federal Court.

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. The Court **RECOMMENDS** that the complaint be **DISMISSED** as frivolous.

The Clerk shall send a copy of this Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 15th day of October, 2010.

DAVID W. DANIEL
United States Magistrate Judge